IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 6:10-CR-76 |
| | § | |
| ROBERT LEE BERKLEY, JR. | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 1, 2015, alleging that the Defendant, Robert Lee Berkley, Jr., violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Robert Lee Berkley, Jr. was sentenced on July 12, 2011, before The Honorable Leonard Davis of the Eastern District of Texas after pleading guilty to the offense of threats against the president, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years prison. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 60 months. The Court accepted and imposed a sentence outside the advisory sentencing guideline system per the plea agreement. Robert Lee Berkley, Jr. was subsequently sentenced to 40 months imprisonment followed with a 3 year term of supervised

release subject to the standard conditions of release, plus special conditions to include financial disclosure; mental health and substance abuse treatment and a $100 special assessment.

## II. The Period of Supervision

On May 9, 2014, Robert Lee Berkley, Jr. completed his period of imprisonment and began service of the supervision term. On August 26, 2015, this case was reassigned to U.S. District Judge Michael H. Schneider in the Eastern District of Texas.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on September 1, 2015, alleging four violations of supervised release: 1) he violated a standard condition of supervision by failing to submit a written monthly report for August 2015 and for failing to report to the probation office on August 19, 2015 as instructed; 2) he violated a standard condition that he work regularly at a lawful occupation by being terminated from employment at Luby's and failing to report this change in employment; 3) he failed to notify probation of his change in residence in violated of his standard condition that he do so within ten days prior to a move; and 4) he failed to attend scheduled appointments with his case manager and doctor at the Spindletop-ACT in violation of his special condition that he participate in a mental health program.

## IV. Proceedings

On September 11, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. Berkley agreed to plead "true" to the second allegation in the petition that he failed to maintain regular employment.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class D felony; therefore, the maximum imprisonment sentence upon revocation is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by leaving the judicial district without permission, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term

may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's second allegation that he violated a standard condition that he maintain regular employment. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. §

7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release and makes the same recommendation to the District Court.

## VII. Recommendations

The court should find that the Defendant violated a standard condition of release by failing to maintain regular employment. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The undersigned recommends that the court impose a ten (10) month term of imprisonment with no supervised release to follow.

The Defendant requested to serve his sentence at FCI Butner, or another facility that provides mental health treatment within the bureau of prisons so that he can receive adequate medical care for his mental illness. The undersigned recommends that the Defendant's request be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 15th day of September, 2015.

_____
Zack Hawthorn
United States Magistrate Judge